[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12330
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-03106-CV-JTC-1

JAMES M. CARROLL,
JIMMY FARIST,
ROBERT V. VITALE,
CARL MASON,
JIM C. WEST,
RONNIE C. BRUCE,
MARK GALLMAN,
RICHARD UNDERWOOD

Plaintiff-Appellants,

ROGER D. GOSSAGE,

Plaintiff,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS
AND AEROSPACE-WORKERS,
R. THOMAS BUFFENBARGER,
ROBERT THAYER,
WARREN L. MART,
RONALD A. ELDRIDGE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(December 13, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

This is a dispute between an international labor union, International Association of Machinists and Aerospace Workers ("IAM"), and former officers and representatives of the union's affiliated local union, Local Lodge 709 ("Local 709"), over which the IAM exercises supervisor authority conferred on it by its Constitution. The dispute centers on the IAM's discipline of sixteen former Local 709 officers and representatives, including nine plaintiffs, pursuant to the IAM Constitution based on their acceptance and retention of travel allowances for first-class air travel on union business when they did not fly first-class or did not fly at all. The dispute also centers on the IAM's imposition of a trusteeship on Local 709.

Five counts of the complaint are before us in this appeal; as to each, the district court granted the IAM defendants summary judgment. Counts I and II are brought under Title III of the Labor-Management Reporting and Disclosure Act

("LMRDA") and allege that the IAM improperly imposed a trusteeship on Local 709. Counts III and IV are retaliation claims brought under § 101(a)(2) of Title I of the LMRDA. These counts allege that the purported misuse of funds, i.e., the improper retention of travel allowances for first-class air travel, was a pretext for plaintiffs' suspensions under the IAM Constitution. According to plaintiffs, they were suspended not for improper retention of travel allowances, but because they had disagreed with the IAM over Local 709's collective bargaining negotiations with Lockheed Marietta in 2002. Count VI consists of pendent state law claims for defamation based on written and oral statements by defendants accusing plaintiffs of misappropriating union funds.

The district court granted the defendants summary judgment in an order entered March 15, 2006. The court rejected Counts I and II on the grounds that the claims therein asserted are moot; the IAM's trusteeship over Local 709 had ceased to exist, thus precluding a grant of equitable relief, and that Title III of the LMRDA precluded an award of damages. The court disposed of Counts III and IV on the ground that plaintiffs failed to establish that the alleged retaliation was "causally connected" to plaintiffs' exercise of free speech. Eighteen months passed between plaintiffs'speech and their suspensions, making the requisite causation difficult for them to prove. The court indicated that they might have

3

overcome this problem by pointing to other evidence of causation, but as the court properly observed, they cited none. The court ruled against plaintiffs on Count VI on the ground that their defamation claims were preempted by § 301 of the Labor Management Relations Act.

In this appeal, plaintiffs contend that the court misapplied the law in granting summary judgment on Counts I and II. We disagree. These claims are moot for the reasons the court cited in its order. Plaintiffs argue that a fact issue exists regarding the causation element of their Counts III and IV retaliation claims. We find none. The court correctly held that plaintiffs failed to show that they were disciplined on account of their speech. As for Count VI, plaintiffs find error in the court's preemption analysis in rejecting their state law defamation claims. We find no error.

The district court's judgment is, accordingly,

AFFIRMED.